UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REVA CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-00114-MTS |
| | ) |
| LOUIS DEJOY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Louis DeJoy's Motion for Leave to File a First Amended Answer, Doc. [34]. For the reasons that follow, the Court will grant Defendant leave to amend.

**I.   BACKGROUND**

Plaintiff Reva Caldwell was employed by the USPS in the Office of Administrative Services. Doc. [10] ¶ 4. In 2016, Plaintiff filed an inter-office complaint alleging harassment and hostility by Linda Lehmukul, a fellow employee and I.S. Operations Technician. *Id.* ¶¶ 8, 10. Following the complaint, Plaintiff was allegedly excluded from office parties, denied leave, and subjected to public ridicule by her first level supervisor in front of her peers. *Id.* ¶¶ 7, 16. As a result, Plaintiff allegedly began to suffer from panic attacks and depression, and around the same time, two white males, allegedly without experience, were selected for open positions over Plaintiff. *Id.* ¶¶ 13-15, 18.

In search of redress, Plaintiff filed her initial Complaint on February 1, 2023, and filed an Amended Complaint on May 12, 2023, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981a; the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 701. *Id.* ¶ 1. Defendant Louis DeJoy filed his initial Answer to

Plaintiff's Amended Complaint on June 26, 2023, which included eleven affirmative defenses. Doc. [18] at 6-7.  On August 14, 2023, the Court issued a Case Management Order ("CMO"), which required all amended pleadings to be filed by September 25, 2023.  Doc. [30] at 1.  The CMO also stipulated that discovery shall be open until June 28, 2024.  *Id.* at 2.  On October 25, 2023, Defendant sought this Court's leave to amend his Answer and to add an additional affirmative defense that Plaintiff's lawsuit was untimely.[1]  Doc. [34-1] at 7.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or within 21 days after service of a responsive pleading or Rule 12(b), (e), or (f) motion.  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the rule directs courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Denial of leave to amend pleadings is appropriate only in limited circumstances, such as where "undue delay, bad faith . . ., futility of the amendment, or unfair prejudice . . . can be demonstrated."  *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)).

Rule 16(b) then dictates that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The U.S. Court of Appeals for the Eighth Circuit has clarified that "in cases in which the deadline to amend pleadings has past," then "the primacy of Rule 16(b) over Rule 15(a)" establishes that the "good cause" standard applies.  *Sherman v. Waco Fireworks, Inc.*, 532 F.3d 709, 115 (8th Cir. 2008) (citing *Fin. Holding Corp. v. Garnac*

---

[1] The proposed affirmative defense, upon additional discovery, seeks to determine when Plaintiff received notice of the decision in *Caldwell v. DeJoy*, Appeal No. 2022001328 / Agency No. 66-000-0005-19 issued by the U.S. Equal Employment Opportunity Commission, Office of Federal Operations, which begins the 90-day window for suit.  Doc. [35] at 5.

2

*Grain Co.*, 127 F.R.D. 165, 165-66 (W.D. Mo. 1989)).  "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2012).

**III.   DISCUSSION**

When evaluating good cause under Rule 16(b), the movant's diligence in meeting deadlines is examined.  *Albright*, 926 F.3d at 951.  Good cause may also be shown "by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading."  *See Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).  Here, in support of his request to amend his Answer, Defendant states that, while preparing written discovery, he realized the decision in *Caldwell v. DeJoy* had not been identified.  Doc. [35] at 5.  Good cause is present because Defendant is seeking leave to amend only one month following the Court's scheduled deadline of September 25, 2023, and Defendant discovered a fact that will allow for an additional affirmative defense.  While the *Caldwell* decision was seemingly known to Defendant, the facts relevant to the proposed affirmative defense have yet to be adequately discovered.  *See* Doc. [35] at 5 (explaining that "counsel is seeking additional documentation from the agency to establish when Caldwell actually received the decision").  This has not been disputed by the Plaintiff.  Therefore, because Defendant's added claim relies on additional discovery, and discovery is open until June 28, 2024, good cause is present for leave to amend. *See Arman v. Davis*, 4:17-cv-2360-CAS, 2019 WL 3017424, at *2 (E.D. Mo. July 10, 2019) (finding Rule 16(b)'s good cause standard met where "evidence supporting [] a defense was not revealed until defendants conducted plaintiff's deposition"); *see also NRRM v. Kingstar Holdings*, 4:17-cv-1665-PLC, 2018 WL 1993436, at *3 (E.D. Mo. Apr. 27, 2018) (finding that the plaintiff sought leave "soon after determining that it had a sufficient evidentiary basis to bring such a claim"); *see also Schwend v. U.S. Bank*, 4:10-cv-1590-CDP, 2011 WL 5039812, at *2 (E.D. Mo.

3

Oct. 24, 2011) (finding the plaintiff only received discovery that revealed the claims were applicable two months after the amendment deadline and filed the motion shortly thereafter).

Although a month had passed since the required time to amend, good cause exists because Defendant has been diligent in meeting deadlines, and because Defendant has been diligent, potential prejudice must be reviewed. *See Sherman*, 532 F.3d at 717 (noting that undue prejudice should only be evaluated if the movant is diligent in seeking amendment). "The burden of proving prejudice lies with the party opposing the motion." *Lillibridge v. Nautilus Ins. Co.*, 4:10-cv-04105-KES, 2013 WL 870439, at *6 (D.S.D. Mar. 7, 2013) (citing *Roberson v. Hayti Police Dep't*, 241 F.3d at 995). Plaintiff contends that allowing leave to amend would be an "injustice" and allowing Defendant's amendment would "forever bar [her] from fully litigating her claims." Doc. [37] at 2-3. However, Plaintiff is not arguing that allowing Defendant to amend would drag litigation on indefinitely, which is the proper measure of prejudice. Instead, Plaintiff claims that allowing amendment would expose her claim as fatally flawed and barred by the statute of limitations. Plaintiff's argument in favor of prejudice is insufficient. Here, Defendant's delay in seeking leave to amend is not the result of dilatory tactics or an effort to extend discovery. Rather, Defendant is seeking leave to amend at the initial stages of discovery based on an affirmative defense still necessitating additional information that was inadvertently omitted. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (denying a motion to amend because of "prejudice to the defendants in having to reopen discovery on new substantive claims so close to the trial date"); *see also In re Milk Prod. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) ("Granting that motion would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend[.]"); *see also Baker v. City of Florissant*, 4:16-cv-1693-NAB, 2021 WL 735679, at *8 (E.D. Mo. Feb. 25, 2021) (determining that amendment three years after the deadline would "result in unfair prejudice to the Defendant"). Therefore, although the

amendment may result in Plaintiff's claim being barred, Plaintiff has failed to demonstrate prejudice will result from granting leave to amend.

Additionally, the proposed amendment does not result in unfair surprise to the Plaintiff. "Generally, failure to plead an affirmative defense results in waiver of that defense." *Sherman*, 532 F.3d at 714 (quoting *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007)). However, when the defense is raised in a manner that "does not result in unfair surprise" failure to comply with the Federal Rules of Civil Procedure is "not fatal." *Id.* Here, Defendant's proposed amendment to include the affirmative defense of timeliness does not substantially alter the discovery required, nor the timeline of the action. Furthermore, decisions on amendment remain within the discretion of the Court. *Pearlstone v. Costco Wholesale Corp.*, 4:18-cv-630-SRC, 2019 WL 3997316, at *1 (E.D. Mo. Aug. 23, 2019) (citing *Groninger v. Davison*, 364 F.2d 638, 640 (8th Cir. 1966)). Leave to amend is still appropriate where a party inadvertently failed to include an affirmative defense. *See id.* ("A party may amend an answer to incorporate affirmative defenses that are inadvertently omitted.").

Therefore, because Defendant has been diligent in meeting all other deadlines, is seeking leave based on facts requiring additional discovery, and it would not prejudice Plaintiff because discovery remains open for a sizeable amount of time, the Court will grant Defendant leave to amend his Answer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Louis DeJoy's Motion for Leave to File First Amended Answer, Doc. [34], is **GRANTED.**

Dated this 10th day of January 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE